UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BLUE WATER SHIPPING COMPANY** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 15-66 |
| | ) | |
| M/V COS INTREPID (IMO No. 9216432), | ) | IN ADMIRALTY |
| her hull, engines, tackle, furniture, gear, | ) | |
| electronics, equipment and appurtenances, | ) | RULE 9(h), FRCP |
| etc. *in rem*, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S VERIFIED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA:

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Blue Water Shipping Company ("Blue Water"), and for its Verified Complaint against Defendant, M/V COS INTREPID (IMO No. 9216432), Her Engines, Boilers, Tackle, Furniture, Apparel, Appurtenances, etc., *in rem*, alleges as follows:

### THE PARTIES

1. Plaintiff Blue Water is a corporation duly organized under the laws of the State of Louisiana engaged in the business of providing steamship agency services to marine vessels.

2. The *in rem* Defendant M/V COS INTREPID is, upon information and belief, a 224.97 meter long, 39,795 gross ton, bulk carrier, bearing IMO No. 9216432, and is owned by Hanbo Shipping Ltd.  Upon information and belief, Hanbo Shipping Ltd. is a company organized and existing under the laws of Hong Kong or some other foreign jurisdiction.

22782659 v1

## JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure for the arrest of the M/V COS INTREPID.

4. Subject matter jurisdiction of this Honorable Court is based upon 28 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343. In rem jurisdiction over the M/V COS INTREPID is appropriately exercised, as the vessel is now or will be, during the pendency of this action, within the Southern District of Alabama, and may be arrested in accordance with the provisions of Rule C, as pled below.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

## FACTS AND CLAIM

6. Blue Water is a steamship agent for marine vessels calling in various United States ports of call, including ports located in the lower Mississippi River.

7. Blue Water was retained at the request of the M/V COS INTREPID's owners and/or charterers as the vessel's steamship agent for her call in the Mississippi River between June 27, 2014 and July 14, 2014.

8. On the order of the M/V COS INTREPID's owners and/or charterers, during the vessel's call in the Mississippi River between June 27, 2014 and July 14, 2014, Blue Water not only provided its own agency services to the vessel, but also advanced funds required for the M/V COS INTREPID to conduct her activities in the port. For example, Blue Water paid the charges the vessel incurred in respect of, among other things, compulsory pilotage and dockage.

22782659 v1

9. On August 20, 2014, Blue Water issued its invoice for the $324,910.19 in "necessaries" incurred in respect of the M/V COS INTREPID's call in the Mississippi River between June 27, 2014 and July 14, 2014. *See* Exhibit 1. To date, despite several acknowledgements that this outstanding, and overdue, invoice is valid and several promises that same would be settled, it remains unpaid.

10. The non-payment of the Blue Water invoice constitutes a breach of the terms by which Blue Water furnished its own services to the M/V COS INTREPID and advanced the cost of various other necessaries incurred by the M/V COS INTREPID.

## FIRST CAUSE OF ACTION AGAINST THE M/V COS INTREPID

11. Blue Water repeats and re-alleges paragraphs 1 through 10 set out hereinabove as though the same were more thoroughly set forth at length herein.

12. Blue Water supplied "necessaries" to the M/V COS INTREPID on the order of her owners and/or charterers, within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343, which were properly invoiced by Blue Water but remain unpaid. *See* Exhibit 1.

13. The willful and wanton failure to reimburse Blue Water for the $324,910.19 in necessaries provided to the M/V COS INTREPID gives rise to a maritime lien over said vessel for which the vessel is liable directly in accordance with the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301-31343.

## SUPPLEMENTAL RULE C RELIEF

14. Blue Water repeats and re-alleges paragraphs 1 through 13 set out hereinabove as though the same were more thoroughly set forth at length herein.

15. Pursuant to the Federal Maritime Law, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, Blue Water is entitled to arrest the M/V COS INTREPID to enforce its maritime lien.

**WHEREFORE**, Blue Water Shipping Company prays:

A. That Blue Water Shipping Company have judgment hereon in the principal amount of $324,910.19, together with pre-judgment and post-judgment interest, attorneys' fees and costs, including but not limited to *custodia legis* expenses incurred in connection with the requested arrest of the M/V COS INTREPID;

B. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims be issued against Defendant M/V COS INTREPID, her engines, boilers, tackle, etc., placing the vessel under the arrest, custody and control of the United States Marshals Service of this District;

C. That the Defendant M/V COS INTREPID, her engines, tackle, apparel, furniture and equipment and all other appurtenances and additions, improvements, and replacements belonging thereto, be condemned and sold to pay the demands and claims aforesaid with interest, attorneys' fees and costs, and *custodia legis* costs due Plaintiff as alleged herein;

D. That Plaintiff may have such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

*s/John P. Kavanagh, Jr.*
JOHN P. KAVANAGH, JR.  (KAVAJ1011)
jkavanaugh@burr.com
KASEE SPARKS HEISTERHAGEN (SPARK7253)
kasee.sparks@burr.com

Burr & Forman LLP
11 North Water Street
Suite 22200
Mobile, AL  36602
Tel:  (251) 345-8246
Fax:  (251) 706-2408

Of Counsel:

Andrew S. de Klerk (LA 1045), T.A.
T. Patrick O'Leary (LA 30655)
FRILOT L.L.C.
3800 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3700
Phone:  504.599.8010
Fax:  504.599.8110
adeklerk@frilot.com
poleary@frilot.com

Counsel for Plaintiff,
Blue Water Shipping Company

**INSTRUCTIONS FOR U.S. MARSHAL:**

PLEASE ISSUE WARRANT OF ARREST AND ARREST THE M/V COS INTREPID (IMO No. 9216432) AT PIER SOUTH D1, ALABAMA STATE DOCKS (MOBILE, ALABAMA), OR ANOTHER LOCATION PROVIDED BY PLAINTIFF'S COUNSEL

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Matt Boucree, under penalty of perjury, declares and says:

1. I am a resident of the state of Louisiana, over 18 years old and fully competent to make this Verification.

2. I am the President of Blue Water Shipping Company, and make this Verification based on my personal knowledge.

3. I have read the foregoing Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

4. My personal knowledge is based on statements, documents and information in possession of Blue Water Shipping Company, or furnished to me by employees or agents of said corporation, and I make this verification as the duly authorized agent of Blue Water Shipping Company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Thus done in Metairie, Louisiana on this 6th day of February, 2015.

_____
MATT BOUCREE